**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 11-122-DLB**

**GATX CORPORATION**                                                     **PLAINTIFF**

vs.                    **MEMORANDUM OPINION & ORDER**

**LARRY ADDINGTON,** *et al.*                              **DEFENDANTS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Stephen and Robert Addington's Motion to Stay the Proceedings against them as Co-Trustees of the Larry Addington Irrevocable Trust for the Benefit of Maxwell Addington ("Irrevocable Trust") (Doc. # 28), which has been fully briefed (Docs. # 30, 33). On March 12, 2012, the Court held oral argument on Stephen and Robert's[1] Motion, as well as two other motions pending in this case. Attorney Andrew Wood appeared on behalf of Plaintiff GATX Corporation. Attorney William Rambicure appeared on behalf of Defendants Stephen and Robert in their individual capacities; Attorneys Robert Maclin, III and David Cohen appeared on behalf of Stephen and Robert in their capacity as Co-Trustees of the Irrevocable Trust. The proceedings were recorded by Official Court Reporter Lisa Wiesman. At the conclusion of the hearing, the Court ordered that the Motion to Stay shall stand submitted. (Doc. # 36).

---

[1] Hereinafter, and with all due respect, the Court will refer to each of the Addington brothers by first name for the sake of brevity and clarity.

1

For the reasons stated herein, the Court **grants** Stephen and Robert's Motion to Stay Proceedings against them as Co-Trustees of the Larry Addington Irrevocable Trust. Additionally, although Stephen and Robert in their individual capacities did not file a motion to stay proceedings against them, the Court has considered whether the claims against them should be stayed in light of their attorney's arguments at the March 12, 2012 hearing. For the reasons that follow, the claims against Stephen and Robert in their individual capacities are not subject to the automatic stay provision of 11 U.S.C. § 362(a), and the prosecution of those claims shall proceed at this juncture.

## I. Factual and Procedural Background

GATX Corporation ("GATX") filed this action against Larry, Stephen and Robert Addington in their individual capacities, and Stephen and Robert in their capacity as Co-Trustees of the Irrevocable Trust to have the Court declare certain transfers of real and personal property made by Larry to the Irrevocable Trust as void pursuant to K.R.S. §§ 378.010 and .020.  In addition, GATX seeks compensatory and punitive damages from each of the Defendants.

The complaint alleges that Larry Addington anticipated that he would be liable to GATX on his $5 million personal guarantee of debts owed by Appalachian Fuels[2] to GATX. In an attempt to place assets outside the reach of GATX and other creditors, Larry transferred $1 million, three tracts of real estate, and three automobiles to the Irrevocable Trust.  As Co-Trustees, Stephen and Robert received legal title to the real and personal property to hold in trust for the benefit of Maxwell Addington, the disabled brother of the

---

[2] The Complaint alleges that Larry Addington owned 30% of Energy Coal Resources, Inc., which wholly owned Applachian Fuels, LLC.

2

Defendants. The Complaint does not allege, nor did GATX's attorney suggest at oral argument, that Stephen or Robert ever received any of the property in their individual capacities.

On January 31, 2012, Larry provided notice that he had filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in the Eastern District of Kentucky (No. 12-10029). (Doc. # 19). The Court entered an Order (Doc. # 20) on February 2, 2012, staying all claims against Larry pursuant to the automatic stay provision of 11 U.S.C. § 362(a)(1).

Stephen and Robert, in their capacity as Co-Trustees of the Irrevocable Trust, have now filed a Motion to Stay Proceedings against them in light of Larry's petition for bankruptcy. (Doc. # 28). Although Stephen and Robert, individually, did not file a similar motion in their individual capacities, their counsel argued at the March 12, 2012 hearing that the claims against them are also subject to the automatic stay. Without providing legal support for its argument, GATX contends that the claims against Stephen and Robert, both individually and as Co-Trustees, are not subject to the automatic stay. (Doc. # 30).

## II. Analysis

The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, states in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of–
>
> > (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

>. . . ;
>
>>(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
>. . . .

Applying this statute, courts have consistently held that pre-petition fraudulent conveyance claims brought against a third-party transferee are automatically stayed once the debtor-transferor files a petition for bankruptcy. In reaching this conclusion, however, courts have taken two analytic paths. *In re Zwirn*, 362 B.R. 536, 538 (Bankr. S.D. Fl. 2007) (citing *Matter of Fletcher*, 176 B.R. 445, 452 (Bankr. W.D. Mich. 1995)).

The Sixth Circuit holds that fraudulently transferred property remains property of the debtor's estate pursuant to Section 541(a)(1) and, thus, any act by a creditor to obtain possession of such property must be stayed pursuant to Section 362(a)(3).[3] The Circuit announced this theory in *National Labor Relations Board v. Martin Arsham Sewing Company*, 873 F.2d 884 (6th Cir. 1989). In *Martin Arsham*, the court began by recognizing the principle that "filing a bankruptcy petition operates as a stay of any action to obtain possession of 'property of the estate' which is comprised of 'all legal or equitable interests of the debtor in property.'" *Id.* at 887 (quoting 11 U.S.C. § 541(a)(1)). The court further acknowledged that the bankruptcy trustee has authority under Section 544 to recover property that has been fraudulently transferred by the debtor in violation of state law. *Id.* It then opined that "any effort to recover this property is essentially an action to recover

---

[3] Courts subscribing to the second analytic path reason that fraudulently conveyed property does not become property of the bankruptcy estate until it is recovered by the trustee. Nonetheless, these courts hold that a state law fraudulent conveyance claim to recover the debtor's property violates the automatic stay under § 362(a)(1) as an action "to recover a claim against a debtor." Despite this difference in rationale, all courts reach the same conclusion that filing a bankruptcy petition stays any state law fraudulent conveyance claim brought by a creditor.

property that belongs to the debtor." *Id.* (citing *In re MortgageAmerica Corp.*, 741 F.2d 1266, 1275 (5th Cir. 1983)). Because the Supreme Court had previously stated that the definition of "property of the estate" includes "any property made available to the estate by other provisions of the Bankruptcy Code," the court in *Martin Arsham* held that property fraudulently conveyed and recoverable under the Bankruptcy Code remains property of the estate. [4] *Id.* Thus, any pre-petition action to recover the fraudulently conveyed property is automatically stayed pursuant to Section 362(a)(3). *Id.*

Because Section 362(a)(3) addresses claims against property of the estate, it reaches claims beyond those asserted against the debtor. The Sixth Circuit has held that a creditor cannot attempt to circumvent the bankruptcy proceeding by bringing an action against a third party transferee "in an attempt to satisfy the bankrupt's obligation by attacking, as fraudulent, a property transfer to these third parties." *Id.* at 888. Such an action must also be stayed under Section 362(a). To allow a creditor to pursue a fraudulent conveyance claim against a third party transferee would frustrate the Bankruptcy Code's policy of equitable distribution among creditors by allowing the creditor "to push its way to

---

[4] The United States Bankruptcy Court for the Western District of Michigan recently challenged the Sixth Circuit's rationale in *Martin Arsham*, but ultimately agreed that the automatic stay encompasses individual creditor actions against third parties to recover fraudulent conveyances. *In re Feringa*, 376 B.R. 614, 625 n.10 (Bankr. W.D. Mich. 2007). The Bankruptcy Court disagreed that fraudulently conveyed property is by definition "property of the estate" under Section 541(a)(1). *Id.* While the bankruptcy trustee has the authority to recover property fraudulently conveyed by a debtor, the Bankruptcy Court held that it was not "property of the estate" until it was actually recovered. *Id.* Nonetheless, the Bankruptcy Court held that "the prohibition under Section 362(a)(1) against all creditor activities to recover claims against the debtor is sufficiently broad to encompass individual creditor actions against third parties to recover fraudulent conveyances." *Id.* Therefore, even though other courts, including courts within the Sixth Circuit, may disagree with the rationale of *Martin Arsham*, courts agree that fraudulent conveyance claims against third party transferees are subject to the automatic stay, by virtue of either Section 362(a)(1) or 362(a)(3).

the front of the line of creditors." *Id.* (quoting *In re Central Heating & Air Conditioning, Inc.*, 64 B.R. 733, 737 (N.D. Ohio 1986)).

Pursuant to the Sixth Circuit's holding in *Martin Arsham*, the claims against Stephen and Robert, as Co-Trustees of the Irrevocable Trust, are subject to the automatic stay. GATX has alleged that Larry fraudulently conveyed property to the Irrevocable Trust. As a matter of law, legal title to the property was transferred to Stephen and Robert, as Co-Trustees, making them "transferees" of the fraudulent conveyances. *See Hatcher v. Southern Baptist Theological Seminary*, 632 S.W.2d 251, 252 (Ky. 1982) (holding that "it is elementary, of course, that when property is held in trust the trustee holds the legal title and the beneficiary or beneficiaries are considered to be the owners of the equitable title."). GATX brings the current action against Stephen and Robert, as Co-Trustees, in an attempt to satisfy Larry's debts by attacking, as fraudulent, property transfers to these third parties. Thus, the claims against Stephen and Robert, as Co-Trustees, are stayed pursuant to Section 362(a)(3). *See Martin Arsham*, 873 F.2d at 888.

However, the claims against Stephen and Robert in their individual capacities are not subject to the automatic stay. *Martin Arsham* only considered the impact of the automatic stay on fraudulent conveyance claims asserted against third party transferees. *See id.* Stephen and Robert never held legal title or any other interest to any of the fraudulently transferred property in their individual capacities, and thus were not transferees of any of the property. Therefore, the holding of *Martin Arsham* is not directly applicable to claims against Stephen and Robert in their individual capacities.

Moreover, the principles considered in *Martin Arsham* dictate that the automatic stay

6

does not apply to third party non-transferees because the bankruptcy trustee has no recourse against those parties in the bankruptcy proceeding. The bankruptcy trustee does not have the authority to recover any fraudulently conveyed property from non-transferee third parties. As the court discussed in *Martin Arsham*, the bankruptcy trustee has the authority under the "strong arm" provision of Section 544 to "step into the shoes" of a creditor and nullify transfers that are voidable under state fraudulent conveyance acts for the benefit of all creditors. *Id.* at 887. However, because property was not transferred to Stephen or Robert in their individual capacities, the bankruptcy trustee may not nullify any transfer or recover any property with respect to Stephen and Robert individually.

The bankruptcy trustee also lacks the authority to recover monetary damages from Stephen or Robert in their individual capacities. Pursuant to Section 550 of the Bankruptcy Code, the bankruptcy trustee has the authority to recover damages for any property transfer that is avoided under Section 544, 547, and 548, among other sections. 11 U.S.C. §§ 550(a). However, the bankruptcy trustee's authority to seek damages is limited to initial transferees of the fraudulent transfer or any immediate or mediate transferee of such initial transferee. *Hyundai Translead, Inc. ex. rel. Estate of Trailer Sources v. Jackson Truck & Trailer Repair, Inc., et al.*, 419 B.R. 749, 761 (M.D. Tenn. 2009)*;* 11 U.S.C. §§ 550(a)(1) & (2). Again, Stephen and Robert were not transferees in their individual capacities and, therefore, the bankruptcy trustee may not recover damages from them.

The bankruptcy trustee also cannot recover damages from Stephen and Robert in their individual capacities by asserting derivative claims of aiding and abetting or conspiring to commit a fraudulent transfer. "The authorities are . . . clear that there is no such thing as liability for aiding and abetting a fraudulent conveyance or conspiracy to commit a

7

fraudulent transfer as a matter of federal law under the Code." *Id.* (quoting *Official Comm. of Unsecured Creditors of Fedders N. Am., Inc. v. Goldman Sachs Credit Partners L.P.*, 405 B.R. 527, 549 (Bankr. D.Del. 2009)). As a result, the bankruptcy trustee has no authority to pursue this action against Stephen and Robert in their individual capacities, and the claims against them are not subject to the automatic stay.

### III. Conclusion

Accordingly, for the reasons stated herein, **IT IS ORDERED** that:

(1) Defendants Stephen and Robert Addington's Motion to Stay Proceedings (Doc. # 28) against them in their capacity as Co-Trustees of the Larry Addington Irrevocable Trust F/B/O Maxwell Addington is hereby **GRANTED**; and

(2) Pursuant to 11 U.S.C. § 362(a)(3), all claims brought against Stephen and Robert Addington in their capacity as Co-Trustees of the Larry Addington Irrevocable Trust F/B/O Maxwell Addington are stayed pending resolution of Larry Addington's bankruptcy proceeding (No. 12-10029).

This 15th day of March, 2012



Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\Opinions\Ashland\0-11-122 MOO Granting Mtn to Stay (DE 28).wpd